NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000945
13-SEP-2016
08:13 AM

NO. CAAP-15-0000945

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GERALD VILLANUEVA, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 15-1-0013(2) (CR. NO. 96-0078(2))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)

This appeal arises out of the seventh petition for post-conviction relief filed by Petitioner-Appellant Gerald Villanueva (Villanueva). On October 14, 2015, Villanueva filed a pleading entitled "Motion for a Judicial Review Pursuant to HRS. 91-94." The Circuit Court of the Second Circuit (Circuit Court) ordered that this pleading be treated and filed as a nonconforming petition under Hawaiʻi Rules of Penal Procedure (HRPP) Rule 40 (2006). On November 19, 2015, the Circuit Court[1] denied Villanueva's nonconforming petition without a hearing and filed its "Findings of Fact, Conclusions of Law, and Judgment Denying Petitioner's Non-Conforming HRPP Rule 40 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Order Denying Seventh Petition). The Circuit Court ruled that Villanueva's claims "have no colorable basis, have previously been raised and ruled upon, are patently

---

[1] The Honorable Peter T. Cahill presided.

frivolous, or are without a trace of support in the record or from other evidence submitted by [Villanueva]."

Villanueva appeals from the Order Denying Seventh Petition. While Villanueva's arguments for relief are difficult to understand, it appears that they arise out of the Hawai'i Supreme Court's reference to his conviction on Count 2 as being for "[p]ossession" or use of a firearm in the commission of a separate felony instead of for "carrying" or use of a firearm in the commission of a separate felony in its 1998 decision on his direct appeal. The supreme court reversed Villanueva's conviction on Count 2 in its 1998 decision, but affirmed his conviction and concurrent twenty-year term of incarceration on Count 1.

We recently rejected the same claim Villanueva raises in this appeal in our decision affirming the denial of his sixth post-conviction petition. See Villanueva v. State, No. CAAP-15-0000408, 2016 WL 1296031 (Mar. 30, 2016) (SDO). In that decision, we held that "[t]he supreme court's use [of] the term "possession" rather than "carrying" in describing the offense charged in Count 2 is inconsequential and does not provide Villanueva with any basis for relief." Villanueva, 2016 WL 1296031, at *2.

We conclude that the claims raised by Villanueva in his seventh petition for post-conviction relief did not raise a colorable claim for relief and have been previously ruled upon or have been waived. See HRPP Rule 40(a)(3), (f), (g)(2). We affirm the Circuit Court's Order Denying Seventh Petition.

DATED: Honolulu, Hawai'i, September 13, 2016.

On the briefs:

Gerald Villanueva
Petitioner-Appellant

Renee Ishikawa DeLizo
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

*Craig H. Nakamura*
Chief Judge

*Daniel R. Foley*
Associate Judge

Associate Judge

2